UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| MARIA A. SHOROK, | : | |
| | : | Civil Action No. 20-429 (FLW) (ZNQ) |
| Plaintiff, | : | |
| | : | **ORDER** |
| v. | : | |
| | : | |
| JOANNA ABOUELELA, WAEL NOUR, and NERVIN BEKHIT, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**THIS MATTER** comes before the Court on a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) filed by Gary M. Didieo, Esq., counsel for Defendants Joanna Abouelela ("Abouelela") and Wael Nour ("Nour") (collectively "Defendants"); it appearing that *pro se* Plaintiff Maria A. Shorok ("Plaintiff") opposes the motion; it appearing that Abouelela was Plaintiff's landlord for a residential property in Staten Island, New York; it appearing that Plaintiff alleges that Abouelela made defamatory comments about Plaintiff on Facebook and that Nour, Abouelela's husband, allegedly helped Plaintiff's ex-husband obtain custody over her children and made false statements about Plaintiff to her family members in Egypt; it appearing that Plaintiff's basis for jurisdiction is diversity of citizenship as Plaintiff is a citizen of New Jersey and Defendants are citizens of New York, and Plaintiff claims damages in the amount of $1 million; it appearing that Defendants argue that the Complaint should be dismissed because the Court lacks personal jurisdiction over them as they are residents of New York and the conduct underlying Plaintiff's claims occurred in New York; it appearing that, alternatively, Defendants seek dismissal of Plaintiff's claims because she has failed to sufficiently allege that the amount in controversy exceeds $75,000, as required for diversity jurisdiction, *see*

28 U.S.C. § 1332(a); the Court having reviewed the submissions of the parties, makes the following findings:

1. As a threshold issue, the Court must determine on what basis to address Defendants' motion, which challenges Plaintiff's basis for both personal and subject-matter jurisdiction.[1] "Under appropriate circumstances, a district court may dismiss a case due to lack of personal jurisdiction without first deciding the issue of subject matter jurisdiction." *Machulsky v. Hall*, 210 F. Supp. 2d 531, 536 (D.N.J. 2002) (quoting *Lehigh Coal & Navigation Co. v. Geko-Mayo, GmbH*, 56 F. Supp. 2d 559, 562 (E.D. Pa. 1999)).  Here, because the issue of personal jurisdiction is straightforward, the Court decides this motion solely on that basis.

2. To withstand a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's personal jurisdiction over the moving defendants by a preponderance of the evidence.  *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009); *see Cerciello v. Canale*, 563 F. App'x 924, 925 n.1 (3d Cir, 2014).  "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Still, to meet its burden, the plaintiff must establish "jurisdictional facts through sworn affidavits or other competent evidence . . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss

---

[1] Defendants also argue that the claims against Nour should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).  Because the Court finds that it lacks jurisdiction over Defendants, it need not reach this argument.

for lack of in personam jurisdiction." *Id*. at 101 (citation and internal quotation marks omitted). If the plaintiff meets this burden, "the burden shifts to the defendant to establish the presence of other considerations that would render the exercise of personal jurisdiction unreasonable." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016); *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992).

3. "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc.*, 384 F.3d 93, 96 (3d Cir. 2004) (citing Fed. R. Civ. P. 4(e)). "[T]he New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *IMO Indus. Inc. v. Kiekart AG*, 155 F.3d 254, 259 (3d Cir. 1998) (citations omitted). Thus, the central inquiry is whether Defendant has "certain minimum contacts with . . . [New Jersey] such that the maintenance of the suit does not offense tradition notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In order to resolve this, the Court must determine whether it has general or specific jurisdiction over Defendants.

4. First, a plaintiff may rely on specific jurisdiction where the cause of action is related to, or arises out of, the defendant's contacts with the forum. *IMO Indus.*, 155 F.3d at 259. In that connection, establishing specific personal jurisdiction under the Due Process Clause requires satisfaction of a three-part test: "(1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with the traditional notions of fair play and substantial justice." *Ontel Prods. Corp. v. Mindscope Prods.*, 220 F. Supp. 3d 555, 560 (D.N.J. 2016). Here, the Complaint is devoid of any factual allegations that connect Defendants to the State of New Jersey. Notably, the Complaint itself sets forth that the events giving rise to Plaintiff's claims occurred in Staten

3

Island, New York.  Indeed, the only connection to New Jersey is apparently the fact that Plaintiff moved to New Jersey sometime after she was allegedly evicted from the Staten Island property.  Simply put, the Complaint makes no connection between Defendants and the State of New Jersey.

5. For the same reason, the Court may not exercise general jurisdiction over Defendants.  A court may have general jurisdiction over a defendant where its "affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 747, 7751 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).  Again, the Complaint alleges that Defendants reside in the State of New York.  As such, the Court cannot exercise general jurisdiction over Defendant.

6. Nevertheless, it appears that Plaintiff argues that because Abouelela made comments about Plaintiff on a public Facebook page, her conduct has "global characteristics" that would somehow permit this Court to exercise personal jurisdiction over her.  However, this argument fails to make any connection between Abouelela's Facebook postings and the State of New Jersey.  Indeed, the only apparent connection between New Jersey and the Facebook posts is that Plaintiff accessed the posts while she resided in New Jersey.  This alone is sufficient to create personal jurisdiction.  The Supreme Court has explained that "mere injury to a forum resident is not a sufficient connection to the forum." *Walden v. Fiore*, 571 U.S. 277, 290 (2014).  Instead, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.*  In that connection, under the *Calder* effects test, there may be personal jurisdiction over a nonresident defendant where:

4

(1) The defendant committed an intentional tort;

(2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort;

(3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

*Remick v. Manfredy*, 238 F.3d 248, 258 (3d Cir. 2001) (quoting *IMO Indus.*, 155 F.3d at 261) *see also Calder v. Jones*, 465 U.S. 783, 789 (1984). Here, it appears that the first two prongs are satisfied—Plaintiff alleges that Abouelela's post were defamatory and Plaintiff was allegedly harmed by the posts in New Jersey. What is missing, however, is any allegation that Abouelela aimed her tortious conduct at New Jersey. Indeed, it is unclear from the Complaint whether Abouelela even knew that Plaintiff resided in New Jersey at the time she made the Facebook posts. Absent any allegations that connect Abouelela's conduct to New Jersey, the Court cannot find that it has personal jurisdiction over Abouelela.

Accordingly, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 29th day of July, 2020

**ORDERED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**; and it is further

**ORDERED** that all claims against Joanna Abouelela and Wael Nour are **DISMISSED WITHOUT PREJUDICE.**

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge